UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BURROWS PAPER CORPORATION,

                          Plaintiff,

          v.                                                    6:07-CV-62

MOORE & ASSOCIATES, and WILLIAM P. MOORE,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                  OF COUNSEL:

HANCOCK & ESTABROOK, L.L.P.                    THOMAS C. BUCKEL, JR., ESQ.
Attorneys for Plaintiff
1500 MONY Tower I
Syracuse, New York 13221

GETNICK LIVINGSTON ATKINSON                    PATRICK G. RADEL, ESQ.
  GIGLIOTTI & PRIORE, L.L.P.
Attorneys for Defendant
258 Genesee Street
Utica, New York 13502

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I.  BACKGROUND

Plaintiff Burrows Paper Corporation ("plaintiff") brings this diversity action against

defendants Moore & Associates and its president and sole shareholder, William P. Moore

(collectively "defendants").

Plaintiff is a New York corporation in the business of "de-inking," or removing ink

from, and reselling wastepaper to paper manufacturers.  In 2003, plaintiff entered into a

contract with Northstar Pulp & Paper Company ("Northstar") whereby Northstar agreed to act

as plaintiff's exclusive agent with respect to the servicing and supplying of wastepaper.  The

contract provides that wastepaper prices would be determined by defendant Moore &

Associates, a Georgia corporation in the business of paper-recycling consulting.

In February 2003, Northstar and Moore & Associates entered into a benchmark

agreement whereby Moore & Associates agreed to calculate the price of certain types of

wastepaper by performing a price survey of paper mills and export buyers, and then supply

price reports to Northstar and plaintiff on a monthly basis.  While not a signatory, plaintiff was

a third-party beneficiary under the benchmark agreement.  See Radel Aff. Ex. A. at 2-3.

Under the benchmark agreement, the identity of the mill companies upon which the price

survey was based would remain confidential, known only to Moore & Associates.

The benchmark agreement also contains the following forum-selection clause:

> This Agreement shall be governed by and construed in accordance with the
> laws of the State of Georgia and both parties hereto agree that they shall
> submit their persons to personal jurisdiction to the Court sitting in Georgia
> and shall accept and agree to venue in the State of Georgia concerning any
> disputes arising under this Agreement.

Id. at 5.

Pursuant to the benchmark agreement, Moore & Associates supplied price reports

to Northstar and plaintiff from March 2003 until October 2004.  In September 2005, plaintiff

filed an antitrust action against Northstar in the Northern District of New York alleging, among

other things, that Northstar conspired with Moore & Associates to set excessively high and

noncompetitive prices.  That action has been stayed pending the completion of arbitration.

Plaintiff filed this action against defendants in January 2007, asserting claims for

breach of contract, breach of implied warranty of fitness for a particular purpose, conspiracy

to fix or manipulate prices, interference with legal remedies, and negligence.

Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), and 28 U.S.C. § 1406(a) ("§ 1406(a)").  Alternatively, defendants move to transfer venue to the Northern District of Georgia pursuant to the terms of the benchmark agreement and 28 U.S.C. § 1404(a) ("§ 1404(a)").  Burrow opposes.  Oral argument was heard on April 13, 2007, in Utica, New York.  Decision was reserved.

## II. DISCUSSION

### A. Motion to Dismiss

Defendants move to dismiss the complaint under Rule 12(b)(3) and § 1406(a) for improper venue.

Rule 12(b)(3) lists "improper venue" as grounds for dismissal.  Fed. R. Civ. P. 12(b)(3).  Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C.A. § 1406(a) (2006).  Naturally, the question then becomes: under what circumstances is venue "improper" under Rule 12(b)(3) or "wrong" under § 1406(a)?  To this end, 28 U.S.C. § 1391(a) is instructive:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C.A. § 1391(a) (2006).

In this case, plaintiff is a third-party beneficiary of the benchmark agreement between Moore & Associates and Northstar. Under that agreement, defendants' were obligated to, among other things, supply price reports to plaintiff at its main office in Little Falls, New York. A substantial part of plaintiff's claims relate to defendants' alleged failure to fulfill that obligation. Therefore, laying venue in the Northern District of New York was not improper under Rule 12(b)(3) or § 1406(a).

Even if venue was improper under Rule 12(b)(3) or § 1406(a), the determination of whether dismissal or transfer is appropriate lies within the sound discretion of the district court. See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993). Because plaintiff is located in this District and a substantial part of the claims relate to its status as a third-party beneficiary under the benchmark agreement, it would not be in the interest of justice to dismiss plaintiff's complaint.

With respect to its Rule 12(b)(6) motion to dismiss plaintiff's claims against defendant William P. Moore, defendants have not met their heavy burden under that Rule.

Therefore, defendants' motion to dismiss plaintiff's complaint will be denied.

## B. **Motion to Transfer Venue**

Alternatively, defendants move to transfer venue to the Northern District of Georgia based on the forum-selection clause of the benchmark agreement.

The language in the forum-selection clause, which is set forth above, clearly indicates that both parties agreed to litigate any and all disputes arising out of the benchmark agreement in Georgia. Therefore, the forum-selection clause is mandatory, not permissive.

Whether plaintiff, as a non-signatory third-party beneficiary, is bound by the forum-selection clause is another question altogether. A signatory to a contract may invoke a

forum-selection clause against a non-signatory if the non-signatory "is closely related to the dispute such that it becomes foreseeable that it will be bound." Int'l Private Satellite Partners, L.P. v. Lucky Cat Ltd., 975 F. Supp. 483, 485 (W.D.N.Y. 1997) (internal quotation marks omitted).  Likewise, a non-signatory to a contract may invoke a forum-selection clause against a signatory if it is closely related to one of the signatories such that its invocation of the clause is foreseeable.  Direct Mail Prod. Servs. Ltd. v. MBNA Corp., No. 99 Civ. 10550, 2000 WL 1277597, *3 (S.D.N.Y. Sept. 7, 2000).  It follows then that when the dispute is between a non-signatory and a signatory, either one may invoke the forum-selection clause against the other so long as they are closely related such that its invocation is foreseeable.  As a matter of law, a third-party beneficiary of a contract is closely related to the signatories such that the invocation of a forum-selection clause by any of the three parties is foreseeable.  See id. (citing Lipicon v. Underwriters at Lloyd's, 148 F.3d 1285, 1299 (11th Cir. 1998)).

        In this case, plaintiff is a third-party beneficiary of the benchmark agreement and thus bound by the forum-selection clause.  For it would defy logic to allow plaintiff, as a third-party beneficiary, to seek the enforcement of some of the terms of the benchmark agreement, e.g., those related to defendants' obligation to provide accurate price reports, while denying its obligations under others, e.g., the forum-selection clause.

        While the forum-selection clause does not designate a particular Georgia court, both defendants are located in Atlanta, Georgia, which is in the Northern District of Georgia.

Therefore, defendants' motion to transfer to the Northern District of Georgia based on the forum-selection clause of the benchmark agreement will be granted.[1]

### III.  CONCLUSION

Accordingly, it is

ORDERED that:

1.  Defendants' motion to dismiss plaintiff's complaint, or any part thereof, is DENIED;

2.  Defendants' motion to transfer is GRANTED; and

3.  This action is TRANSFERRED to the Northern District of Georgia.

The Clerk of the Court is directed to transfer the file in accordance with this decision.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   July 20, 2007
         Utica, New York.

---

[1] Since defendants' motion to transfer will be granted on those grounds, there is no need to discuss its arguments based on § 1404(a).